IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEWART ABRAMSON**, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:26-cv-00359-WSS |
| | ) | |
| v. | ) | |
| | ) | |
| **BACHMAN'S ROOFING, BUILDING & REMODELING, LLC**, | ) ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Bachman's Roofing, Building & Remodeling, LLC ("**Defendant**"), hereby answers the Complaint ("**Complaint**") [ECF No. 1] filed by Plaintiff, Stewart Abdramson ("**Plaintiff**"), and states as follows:

**Defendant's Preliminary Statement**

Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the Complaint is denied. The headings used in the Complaint are reproduced herein for ease of reference only. Defendant rejects any factual or legal contentions expressed or implied by such headings. Defendant has retained the undersigned law firm to represent its interests in this matter and is obligated to pay its counsel a reasonable fee. Defendant is entitled to recover its reasonable attorneys' fees and costs from Plaintiff if permitted by law.

**Background**

1.      Defendant admits that Plaintiff attempts to bring a class action against Defendant under the TCPA, but denies any liability associated with Plaintiff's allegations.  Otherwise, denied.

2.      The allegations of paragraph 2 contain legal conclusions and/or citations, which do not require an answer. To the extent a response is required, Defendant denies any liability associated with the same.

3.      Defendant admits that Plaintiff attempts to bring a class action against Defendant under the TCPA, but denies any liability associated with Plaintiff's allegations.  Otherwise, denied.

4.      Defendant admits that Plaintiff attempts to bring a class action against Defendant under the TCPA, but denies any liability associated with Plaintiff's allegations.  Otherwise, denied.

5.      Denied.

## Parties

6.      Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7.      Admitted.

## Jurisdiction & Venue

8.      Admitted that this Court has federal subject matter jurisdiction over Plaintiff's purported TCPA claim. Otherwise, denied.

9.      Defendant does not contest personal jurisdiction but denies that Plaintiff is entitled to any form of relief.

10.     Defendant does not contest venue but denies that Plaintiff is entitled to any form of relief.

## Factual Allegations

11.     Admitted.

12.     Denied.

13.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies the same.

14.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies the same.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Defendant denies making the referenced telephone call.  Otherwise, Defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies the same.

21.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and therefore denies the same.

22.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25.     Defendant admits that Adam Pawelski spoke with Plaintiff during a telephone call on January 12, 2026, which was transferred to Defendant from a third party.  Otherwise, denied.

3

26. Admitted.

27. Admitted.

28. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies the same.

29. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies the same.

30. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and therefore denies the same.

31. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

32. Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and therefore denies the same.

33. Denied.

34. Denied.

<strong><u>Class Action Statement</u></strong>

35. Defendant incorporates by reference is responses to all other paragraphs of its Answer.

36. Defendant admits that Plaintiff attempts to bring an action on behalf of himself and a putative class but denies Plaintiff or alleged class members are entitled to any such relief.

37. Defendant admits that Plaintiff attempts to bring an action on behalf of himself and a putative class but denies Plaintiff or alleged class members are entitled to any such relief. Defendant objects to and denies the purported class definitions and therefore denies the same to the extent a response is required.

38.     Denied.

39.     Defendant objects to and denies the purported class definitions and therefore denies the same to the extent a response is required.

40.     Denied.

41.     Defendant admits that Plaintiff seeks injunctive relief and monetary damages, but denies that he or the putative class are entitled to any such relief.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied, including all subparts.

48.     Denied.

49.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 and therefore denies the same.

50.     Denied.

51.     Denied.

52.     Defendant has insufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 and therefore denies the same.

## CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Robocall Class)**

53.    Defendant incorporates by reference its responses to all other paragraphs of its Answer.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies Plaintiff's prayer for relief and all subparts stated therein.  Defendant requests judgment in its favor against Plaintiff and all parties acting through Plaintiff in this action.

## JURY DEMAND

Defendant denies Plaintiff's request for trial by jury.

## AFFIRMATIVE & OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's Complaint.

## FIRST DEFENSE

Plaintiff's claims fail because the calls complained of were placed by an independent third party over which Defendant exercises no supervision or control, and with which Defendant has no agency relationship.

## SECOND DEFENSE

The claims of Plaintiff and members of any putative class are barred to the extent Plaintiff and members of any putative class gave prior express consent and/or prior express written consent, calls were made in response to an express request of the person called, calls were made in connection with an existing contract, and/or calls were made to a person has a prior or existing business relationship.

## THIRD DEFENSE

Plaintiff's claims and those of any members of a putative class are barred, in whole or in part, to the extent any alleged damages were caused by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

## FOURTH DEFENSE

Plaintiff's claims fail as a matter of law as any alleged violation is the result of bona fide error and Defendant (and any agent, affiliate or third party on its behalf) maintains qualified routine business practices pursuant to 45 C.F.R. § 64.1200(c)(2)(i).

## FIFTH DEFENSE

To the extent that any relief sought by Plaintiff or any members of the putative class would subject Defendant to the possibility of duplicative recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution *res judicata* and/or claim preclusion.

## SIXTH DEFENSE

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant, including Plaintiff or members of any putative class or non-parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and/or comparative fault.

7

## SEVENTH DEFENSE

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not subscribers at the time of the call.

## EIGHTH DEFENSE

Class certification of this action should be denied for one or more of the following reasons:

a.      Joinder of all members of the putative class is not impracticable;

b.      There are insufficient questions of law and fact pertaining to the whole of the putative class;

c.      The claims of the named Plaintiff, if meritorious, are not typical of the putative class;

d.      The claims of the named Plaintiff will not adequately protect the interests of the putative class;

e.      It is not impractical for individual plaintiffs to obtain redress;

f.      The proposed class creates a legally impermissible fail-safe class;

g.      The proposed class lacks typicality; and

h.      Individual issues will predominate over class issues.

## NINTH DEFENSE

Plaintiff lacks standing under Article III of the United States Constitution, or other applicable law, because he suffered no concrete injury.

## TENTH DEFENSE

Plaintiff's claims are barred or limited to the extent any violation established by Plaintiff resulted from Defendant's reasonable reliance on the assurances, representations, and/or actions of third parties.

## ELEVENTH DEFENSE

Plaintiff's claims are barred or limited by equitable estoppel or due to inequitable conduct to the extent Plaintiff or someone acting on his behalf intentionally induced the conduct complained of by providing contact information to Defendant and leading Defendant to believe Plaintiff consented to being contacted.

## RESERVATION OF RIGHT TO AMEND OR MODIFY DEFENSES

Defendant hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation or discovery.

## DEMAND FOR JUDGMENT

WHEREFORE, having answered the Complaint, Defendant, Bachman's Roofing, Building & Remodeling, LLC, hereby demands entry of judgment:

(a) dismissing the Complaint *with prejudice*;

(b) providing that the Plaintiff, Stewart Abramson, and any and all others acting by or through Plaintiff, take nothing from this action;

(c) awarding Defendant any other relief the Court deems just and proper.

DATED: June 4, 2026

Respectfully submitted,

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla (Colorado Bar No. 54504)
Gabriel.Pinilla@arlaw.com
**ADAMS & REESE, LLP**
1001 17th Street, Suite 1000
Denver, CO 80202
303-970-2156

Samuel A. Hornak (Pa. I.D. No. 312360)
samuel.hornak@bipc.com
Ashleigh S. Diaz (PA I.D. No. 327477)
ashleigh.diaz@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**

9

Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800
*Bachman's Roofing, Building & Remodeling, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, a true and correct copy of the foregoing has been served on all counsel of record via the Court's ECF filing system.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
