## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>BACHMANS ROOFING, BUILDING & REMODELING, LLC<br><br>        Defendant. | Case No. 2:26-cv-00359-WSS |

### FED. R. CIV. P. 26(f) REPORT OF THE PARTIES

Pursuant to Federal Rule of Civil Procedure 26(f), the parties submit the following report:

    1.    **Identification of counsel and unrepresented parties.**

**Plaintiff**

Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

**Defendant**

Gabriel D. Pinilla, *Pro Hac Vice*
Gabriel.Pinilla@arlaw.com
**ADAMS & REESE**, LLP
1001 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 970-2156

Samuel A. Hornak (PA. I.D. No. 312360)
samuel.hornak@bipc.com
Ashleigh S. Diaz (PA I.D. No. 327477)
ashleigh.diaz@bipc.com
**BUCHANAN INGERSOLL & ROONEY PC**
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219
412-562-8800

2.      **Set forth the general nature of the case**

This is a putative nationwide class action brought under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, arising from Defendant's alleged use of artificial

and/or prerecorded voice telemarketing calls to residential telephone numbers without prior

express consent.

3.      **Date Rule 26(f) Conference was held, the identification of those participating
therein and the identification of any party who may not yet have been served or entered an
appearance as of the date of said Conference:**

The 26(f) conference was held on June 16, 2026 and included Gabriel Pinilla and

Anthony Paronich.

4.      **Date of Rule 16 Initial Scheduling Conference as scheduled by the Court:**

July 9, 2026

Fact discovery will include Defendant's telemarketing practices and policies, including

its use of artificial or prerecorded voice technology and the systems, vendors, and equipment

used to place the calls at issue. Fact discovery will also include Defendant's records relating to

the telemarketing campaign that delivered the prerecorded message described in the Complaint, including call logs, dialer records, lead sources, recordings, scripts, caller identification information, and information sufficient to identify the individuals and entities involved in placing the calls. Discovery will further address whether Defendant obtained any form of consent from Plaintiff or putative class members and the scope of the alleged calling campaign. In addition, fact discovery will address damages and the extent of any class-wide impact arising from the alleged TCPA violations.

5. **Identify any party who has filed or anticipates filing a dispositive motion pursuant to Fed. R. Civ. P. 12 and the date(s) by which any such anticipated motion may be filed:**

There are no Rule 12 motions filed.

6. **Designate the specific Alternative Dispute Resolution (ADR) process the parties have discussed and selected, if any, and specify the anticipated time frame for completion of the ADR process. Set forth any other information the parties wish to communicate to the court regarding the ADR designation:**

The parties are engaging in private mediation. If the Court denies Defendant's request to bifurcate discovery, the Plaintiff would be amenable to a private mediation as soon as data relating to the size of the putative class. If, however, the Court grants Defendant's request to bifurcate discovery over Plaintiff's objection, Plaintiff respectfully requests that the Court defer the mediation deadline until class discovery is permitted. Under Defendant's proposed framework, the first phase of discovery would be limited to Plaintiff's individual claim, which carries only modest statutory damages. Conducting mediation before the parties have exchanged class-related discovery and developed the factual record concerning Defendant's telemarketing practices and the potential scope of the proposed class is unlikely to result in a productive or meaningful settlement conference and may instead require duplicative mediation proceedings.

3

Plaintiff therefore respectfully requests that any mediation deadline be tied to the commencement or completion of class discovery if bifurcation is ordered.

Defendant submits that mediation is appropriate for this matter and contends that same would be appropriate at the close of the first phase of discovery if bifurcation is granted.

7. **Set forth any change that any party proposes to be made in the timing, form or requirements of Fed. R. Civ. P. Rule 26(a) disclosures, whether such change is opposed by any other party, whether any party has filed a motion seeking such change and whether any such motion has been ruled on by the Court:**

No changes are presently proposed to the timing, form, or requirements of Rule 26(a) disclosures.

8. **Subjects of Discovery:**

Fact discovery will include Defendant's telemarketing practices and policies, including its use of artificial or prerecorded voice technology, the dialing systems, vendors, and equipment used to place calls, and whether consent was obtained from Plaintiff and putative class members. Discovery will include call logs, recordings, scripts, caller identification information, lead source information, customer relationship management data, contracts with third-party marketing vendors, and information sufficient to identify persons or entities involved in placing the calls at issue. Discovery will also address class certification issues, damages, and the scope of any class-wide impact arising from the alleged TCPA violations.

9. **Set forth suggested dates for the following:**

Initial Disclosures: July 10, 2026

Joinder/Amendment of Pleadings: September 25, 2026

Close of Fact Discovery: January 15, 2027

Opening (Proponent) Expert Reports: January 15, 2027

Rebuttal Expert Reports: March 1, 2027

Close of Expert Discovery: March 31, 2027

Class Certification Motion Deadline: April 30, 2027

Dispositive Motions Deadline: April 30, 2027

**If the parties agree that discovery should be conducted in phases or limited to or focused on particular issues, identify the proposed phases or issues and the dates by which discovery as to each phase or issue should be completed:**

Defendant proposes bifurcation of discovery into two phases, with the first phase limited to certain narrow threshold issues pertaining to Plaintiff's individual claim that are largely distinct from class-wide issues and which may be dispositive of Plaintiff's claim. This first phase of discovery would culminate with a dispositive motion briefing period as to the threshold issues. Thereafter, and only if necessary, a second phase of discovery on any remaining and class-wide issues would commence. Plaintiff opposes bifurcation.

Defendant proposes that the first phase of discovery should be limited to three threshold, potentially dispositive issues including: **(1)** Whether the telephone call Plaintiff claims utilized artificial or prerecorded voice technology did, in fact, deploy such technology; **(2)** Whether Defendant initiated the telephone call Plaintiff claims utilized artificial or prerecorded voice technology; and **(3)** If Defendant did **not** initiate said telephone call, and assuming said telephone call *did* employ artificial or prerecorded voice technology, whether the third-party that initiated the call did so in the capacity of an agent of Defendant such that liability may be imputed to Defendant.

In support of its request, Defendant proffers that its business records reflect that it did ***not*** initiate the first telephone contact with Plaintiff, but rather that its first such contact with Plaintiff was received as an inbound call to Defendant. Defendant further proffers that it did not utilize prerecorded or artificial voice technology in any outbound call Defendant initiated to Plaintiff. Defendant further proffers that, to the extent any third party initiated a call to Plaintiff using

prerecorded or artificial voice technology, such third-party was not acting in any agency capacity for or on behalf of Defendant. Defendant did not direct or authorize any third-party to utilize artificial or prerecorded voice technology to contact Plaintiff, and, in fact, had no knowledge of, nor any contractual or other relationship with, any third-party initiating calls to Plaintiff using such technology.

If the first phase of discovery establishes that prerecorded voice technology was not utilized in any telephone call made to Plaintiff, then Plaintiff's claim fails and this action will be subject to dismissal. If phase one discovery reflects that such technology *was* used, but that Defendant did not initiate the subject call to Plaintiff, then the viability of Plaintiff's claim against Defendant will turn on whether the third-party that did initiate the call was an agent of Defendant such that Defendant may be deemed vicariously liable for any alleged violation. *See, e.g.*, *Klein v. Com. Energy, Inc.*, 256 F. Supp. 3d 563, 584 (W.D. Pa. 2017) (explaining that a defendant may only be held vicariously liable for TCPA violations "'where the plaintiff establishes an agency relationship, as defined by federal common law, between the defendant and a third-party caller.'") quoting *Gomez v. Campbell–Ewald Co.*, 768 F.3d 871, 879 (9th Cir. 2014), aff'd —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016). If Defendant establishes the absence of an agency relationship, that would be dispositive of Plaintiff's claim and this entire action.

Rule 42(b) grants courts broad discretion to bifurcate issues in a case for reasons of "convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see*, also, *Holton v. Finley*, No. 4:21-CV-737, 2022 WL 21756556, at *2 (M.D. Pa. Apr. 14, 2022) ("The broad discretion afforded to courts in handling discovery disputes extends to decision over bifurcating discovery."). In bifurcating individual liability discovery and class discovery, courts

6

consider **(1)** the overlap between individual and class discovery, **(2)** whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at "an early practicable time", **(3)** judicial economy, **and (4)** any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery. *See* 1 MCLAUGHLIN ON CLASS ACTIONS § 3:10 (11th ed. 2014).

Here, the threshold issues presented for an initial phase of discovery are narrowly focused, specific to the factual circumstances of Plaintiff's individual claim, are largely distinct from and do not substantially overlap with class-wide issues, and are potentially dispositive of the entire action. Courts have endorsed this approach where discrete threshold issues are potentially dispositive of a putative class plaintiff's individual claims. By way of example, the Fourth Circuit, in *Ardrey v. United Parcel Serv.*, specifically affirmed bifurcation where the district court required plaintiffs to "establish viable individual actions" before class discovery would be allowed., 798 F.2d 679, 680–81 (4th Cir. 1986). Likewise, in *Loreaux v. ACB Receivables Management, Inc.*, the District of New Jersey granted bifurcation based on the existence of a "a narrow, potentially dispositive issue[s]", and that there would "be no significant overlap" and "that bifurcating . . . has the potential to save the parties and the Court from the substantial costs and burdens associated with whole scale class action discovery." 2015 WL 5032052 *4 (D.N.J., Aug. 25, 2015).

Similarly, in *Akselrod v. MarketPro Homebuyers LLC*, No. CCB-20-2966, 2021 WL 100666 (D. Md. Jan. 21, 2021), a TCPA putative class action, the Court approved bifurcated discovery, finding that "[l]imited discovery has the potential to simplify the case and to save both parties the time and expense of class discovery" where the threshold issues were "largely distinct from class certification issues." Courts across the country follow this approach in TCPA actions,

recognizing that they are particularly amenable to threshold testing before costly class discovery. *See also*, *e.g.*, *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate discovery in TCPA case where bifurcation would promote efficiency by permitting discovery on potentially dispositive issues that did not overlap with class issues); *Katz v. Liberty Power Corp., LLC,* NO. 18-cv-10506-ADB, 2019 WL 957129 (D. Mass. Feb. 27, 2019) (granting a motion to bifurcate discovery where the need for class discovery could be eliminated by demonstrating that the named plaintiffs lacked viable individual claims); *Osidi v. Assurance IQ, LLC,* No. 21-cv-11320-ADB, 2022 WL 623733 (D. Mass. March 3, 2022) (same); *Leschinsky v. Inter-Cont'l Hotels Corp.,* No. 8:15-cv-1470-T-30-MAP, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (ordering bifurcated individual discovery and then summary judgment briefing schedule because "Defendants have presented evidence suggesting that [Plaintiff's] TCPA claims are without merit as a matter of law.").

Plaintiff's reliance on *Nock* is misplaced. In *Nock, bifurcation* was not requested until discovery had been ongoing for eight months, and the issue identified in support of bifurcation (notice regarding an alleged scheme to mask telemarketing calls as in-person solicitations) was relevant to both individual and class claims. Here, Defendant seeks to bifurcate at the outset of litigation, before any discovery has taken place, and the threshold issues it identifies (whether prerecorded voice technology was used by Defendant on any call with Plaintiff, whether Defendant actually initiated any call to Plaintiff, and whether any third party that called Plaintiff was a legal agent of Defendant) are unique to Plaintiff's individual claim. In this case, where bifurcation is sought at the outset of a case, the efficiency gains can be meaningfully realized.

Bifurcating discovery in the manner proposed by Defendant will promote judicial economy and efficiency by offering the potential to avoid expensive class-wide discovery prior to a determination of these threshold issues, which will be an expensive deployment of resources. Limiting discovery to Plaintiff's individual claims in the context of the specific threshold issues identified prior to a ruling on a motion for summary judgment and then, if necessary, engaging in class-wide discovery, is the most efficient way to resolve this action.

Defendant submits that bifurcating discovery will not result in duplication of discovery. It is likely that depositions as to these threshold issues will not exceed three in total for the threshold issues: **(1)** a 30(b)(6) deposition of Defendant narrowly tailored to the threshold questions; **(2)** a deposition of Plaintiff limited in scope to the inbound/outbound call question and the use of prerecorded voice technology (if a deposition is even required, this issue could potentially be resolved by targeted interrogatories and production of any audio recording, and requests for admission); **and (3)** possibly a 30(b)(6) deposition of a non-party in the event an outbound call using prerecorded voice technology to Plaintiff was made by a third party. The use of 30(b)(6) depositions for narrow, topical depositions ensures efficiency. Multiple such depositions of a corporate party is what the Rule was designed for and is typical in multi-issue cases.

Defendant proposes the following alternative schedule to accommodate the proposed bifurcation:

### Proposed Schedule

| EVENT | DEADLINE |
|---|---|
| **Phase 1 Fact Discovery Cutoff** | **October 16, 2026** |
| **Phase 1 Summary Judgment Filing Deadline** | **November 18, 2026** |

| Begin Phase 2 Fact Discovery | After the Court's ruling on Phase 1 Summary Judgment |
|---|---|
| **Phase 2 Fact Discovery Cutoff** | **March 31, 2027** |
| Plaintiff's Expert Reports | April 30, 2027 |
| Defendant's Expert Reports | May 31, 2027 |
| All Expert Discovery Completed | June 30, 2027 |
| Class Certification Deadline | July 30, 2027 |
| Summary Judgment Filing Deadline | 60 days after the Court's ruling on class certification |
| Trial | TBD |

Plaintiff opposes Defendant's request to bifurcate discovery. Defendant's proposal rests on the premise that the parties can cleanly separate "individual" discovery from "class" discovery. They cannot. The purported threshold issues Defendant identifies—whether Defendant placed the calls, whether artificial or prerecorded voice technology was used, and whether any caller acted as Defendant's agent—require discovery into precisely the same business records, vendors, contracts, dialing systems, lead sources, call records, and compliance practices that will ultimately govern class certification. Because the same evidence bears directly on both Plaintiff's individual claims and the Rule 23 issues, bifurcation would merely postpone—not eliminate—the inevitable discovery while creating unnecessary disputes over where the line between "individual" and "class" discovery should be drawn.

The Supreme Court has repeatedly recognized that class certification frequently overlaps with the merits of the underlying claims. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 351 (2011) ("Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim because the class determination generally involves considerations

10

that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action."); *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (same). Consistent with those decisions, the Advisory Committee Notes to Rule 23 caution courts against creating "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'" Fed. R. Civ. P. 23 advisory committee's note to 2003 amendment. Likewise, in *Charvat v. Plymouth Rock Energy, LLC*, the court denied a request to bifurcate merits and class discovery, holding that bifurcation would have "the opposite effect" of promoting judicial efficiency in a TCPA action. No. 15-CV-4106, 2016 WL 207677, at *2 (E.D.N.Y. Jan. 12, 2016).

Most recently, courts have continued to reject nearly identical requests. In *Nock v. PalmCo Administration, LLC*, another TCPA class action, the court held that because "individual and class discovery overlaps, the difficulty of drawing the line between the two is likely to cause further discovery disputes and place greater demands on the Court's time," thereby weighing against bifurcation. No. 24-cv-662, 2025 WL 100894, at *3 (D. Md. Jan. 15, 2025). Similarly, in *Bond v. Folsom Insurance Agency LLC*, the court surveyed the post-Dukes authority and concluded that "there is considerable overlap between discovery relevant to the merits of [the plaintiff's] individual claims and issues of class certification," making bifurcation inefficient and likely to create avoidable discovery disputes. No. 3:24-CV-2551-L-BN, 2025 WL 863469, at *2-3 (N.D. Tex. Mar. 19, 2025). *See also Ahmed v. HSBC Bank USA, N.A.,* No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) ("the distinction between class certification and merits discovery is murky at best and impossible to determine at worst"). The same is true here. Defendant characterizes its proposal as involving only three "threshold" issues. In reality, each of those issues necessarily requires discovery into Defendant's telemarketing operation, including its lead generators, marketing vendors, dialing platforms, customer relationship management

11

systems, contracts, call recordings, call detail records, scripts, campaign information, and communications with third parties. Those are not merely "individual" issues. They are also the very evidence Plaintiff will rely upon to establish commonality, typicality, predominance, and Defendant's uniform course of conduct toward the proposed class.

Likewise, Defendant's agency defense presents a common issue, not an individualized one, because the existence and scope of any agency relationship turns on Defendant's uniform relationships with its lead generators, marketing vendors, contracts, oversight, and telemarketing practices, all of which are common proof applicable to the proposed class as a whole.

Indeed, Defendant's own theory of the case demonstrates the substantial overlap. Defendant contends that it did not initiate the prerecorded call, that its first contact with Plaintiff was inbound, and that any third party who placed prerecorded calls was not acting as Defendant's agent. Resolving those factual disputes necessarily requires discovery regarding who generated Plaintiff's lead, how Plaintiff's information entered Defendant's systems, what vendors participated in Defendant's marketing campaign, how calls were routed or transferred, what contracts governed those relationships, what recordings exist, and what business records identify the origin of the calls. Those same documents and witnesses will also determine whether Defendant employed a common telemarketing practice affecting absent class members. Thus, the discovery cannot realistically be divided into "individual" and "class" categories.

Moreover, Defendant's proposed "threshold" issues are not threshold issues in any meaningful sense. Whether artificial or prerecorded voice technology was used, whether Defendant initiated or caused the calls to be placed, and whether any third-party caller acted as Defendant's agent are central merits issues that Plaintiff must prove regardless of whether this case proceeds on an individual or class basis. Resolving those issues necessarily requires

discovery into Defendant's telemarketing systems, lead generation practices, vendor relationships, call routing, contracts, recordings, compliance procedures, and business records— the very same evidence that will establish whether Defendant engaged in a common course of conduct affecting absent class members and whether the Rule 23 requirements are satisfied. Thus, Defendant's proposed phased discovery does not eliminate class discovery; it merely delays the inevitable production of the same evidence while increasing the likelihood of duplicative discovery and motion practice.

Compounding the problem, Defendant asks the Court to structure discovery around factual assertions supposedly reflected in Defendant's business records while simultaneously withholding those records from Plaintiff. Defendant repeatedly represents that its records purportedly establish that it did not initiate the calls, that it never utilized prerecorded technology, and that no agency relationship existed with any third party. Yet Defendant has produced none of those records. Discovery exists precisely so that Plaintiff may test those assertions. Defendant cannot rely upon purported business records as the basis for limiting discovery while refusing to produce those very records.

Delaying class discovery would also materially prejudice Plaintiff by postponing access to electronically stored call records, vendor communications, contracts, and other evidence that may be maintained by third parties under limited retention periods, while unnecessarily delaying class certification and increasing the risk that relevant evidence becomes more difficult to obtain.

Finally, bifurcation would substantially increase, rather than decrease, the burden on both the parties and the Court. As this Court has recognized, bifurcation frequently increases litigation costs by requiring duplicated discovery and repeated depositions. *Hartley-Culp v. Credit Management Co.,* No. 3:14-CV-282, 2014 WL 4630852, at \*4 (M.D. Pa. Sept. 15, 2014).

Likewise, the Eastern District of Pennsylvania has cautioned that bifurcation often forces courts to expend unnecessary resources resolving disputes over whether particular requests constitute merits discovery or class discovery. *In re Plastics Additives Antitrust Litigation*, No. 03-2038, 2004 WL 2743591, at *3 (E.D. Pa. Nov. 29, 2004). The District of New Jersey has similarly rejected efforts by defendants to select one preferred defense, limit discovery to that issue, and seek summary judgment before ordinary discovery has occurred, observing that "[b]oth sides have a right to discovery." *Wilson v. Quest Diagnostics Inc.,* No. 18-11960, 2019 WL 7560932, at *4 (D.N.J. Aug. 22, 2019). Accordingly, Defendant has failed to demonstrate that its proposed phased discovery would promote convenience, judicial economy, or efficiency. To the contrary, the overwhelming weight of authority recognizes that where, as here, the same evidence bears directly on both individual liability and Rule 23 certification, bifurcation merely delays discovery, multiplies disputes, duplicates effort, and increases expense. Defendant's request should therefore be denied.

The parties request that the Court provide direction on how Defendant's bifurcation request should be presented and briefed, including establishing a briefing schedule if the Court wishes the parties to submit formal briefing on this matter.

10. **If the parties agree that changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or Local Rule or that any other limitations should be imposed on discovery, set forth such changes or limitations:**

The parties do not presently propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules. The parties reserve the right to seek appropriate modifications should circumstances warrant.

11. **Please answer the following questions in regard to the discovery of electronically stored information ("ESI"):**

a. ESI: Yes, there is ESI in this case

14

b. The parties have reviewed and discussed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information set forth in "Appendix LCvR 26.2.C-CHECKLIST" to the Local Rules and have agreed that, in light of the facts and issues in this case, there is no need to complete an ESI discovery plan, and will conduct ESI discovery by conferring on the format for production of correspondence, call detail records, dialer data and other electronically maintained business records.

c. Have the parties agreed on any protocol for the preservation of electronic data and/or potentially relevant ESI? There are no such issues.

d. Does any party believe that the exchange of ESI is necessary prior to conducting meaningful Alternative Dispute Resolution ("ADR") in this case? The parties do need discovery prior to conducting an ADR conference.

e. Clawback Agreement: The parties have agreed on alternate non-waiver language, which either is or will be incorporated within the ESI discovery plan.
The parties request that the Court enter an Order implementing Federal Rule of Evidence 502(d).

f. EDSM and E-Mediator: None is necessary.

g. Other: None presently known.

12.     **Set forth whether the parties have elected to schedule the Post-Discovery Status Conference following the completion of Fact Discovery or Expert Discovery:**

The parties request that the Post-Discovery Status Conference be scheduled following the completion of Expert Discovery.

13. **Set forth any other order(s) that the parties agree should be entered by the court pursuant to Fed. R. Civ. P. 16(b) or 26(c):**

The parties anticipate submitting a proposed Protective Order governing confidential and proprietary business information and a proposed Order pursuant to Federal Rule of Evidence 502(d).

14. **Set forth whether the parties anticipate that the court may have to appoint a special master to deal with any matter and if so, specify the proposed role of any such master and any special qualifications that such master may require to perform such role:**

The parties do not presently anticipate the need for appointment of a special master.

15. **If the parties have failed to agree with regard to any subject for which a report is required as set forth above, except for proposed dates required in paragraph 9, above, briefly set forth the position of each party with regard to each matter on which agreement has not been reached:**


16. **Set forth whether the parties have considered the possibility of settlement of the action and describe briefly the nature of that consideration:**

The parties have considered the possibility of settlement and agree that settlement discussions may be productive following the exchange of initial discovery and the production of relevant calling records. The parties remain open to engaging in mediation at an appropriate stage of the litigation.

Dated: July 6, 2026

Plaintiff,
By Counsel,

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

16

Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com


*Attorney for Plaintiff and the Proposed Class*

17